U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 2 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TROY CALHOUN (#322672) | DOCKET NO. 08-CV-1161; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARKSVILLE DETENTION CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Plaintiff Troy Calhoun filed a civil rights complaint (42 U.S.C. §1983) *pro se* on August 8, 2008. Plaintiff requested two million dollars in damages because the defendants denied his request to attend his mother's funeral. Plaintiff's request to proceed *in forma pauperis* was granted in an order dated September 9, 2008. A copy of the Order was mailed to Plaintiff at the East Carroll Detention Center, but was returned to the Clerk on September 17, 2008 marked, "Attempted, not known, unable to forward."

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a ... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Court's correspondence was returned, and Plaintiff has not provided a current address.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 26 day of March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE